*M. E. Forkner* and *E. H. Bundy*, for appellants.

*J. Brown* and *R. L. Polk*, for appellee.

---

## EMMONS *v.* KELLER.

PRACTICE.—*Assignment of Error.*—Where a complaint asked for the appointment of a receiver, and the court found that a receiver should be appointed, but no receiver was in fact appointed;

*Held*, that the failure of the court to appoint a receiver could not be assigned as error by the defendant, when he did not ask for such appointment, but opposed it.

APPEAL from the Boone Common Pleas.

BUSKIRK, C. J.—This was an action by the appellee against the appellant to recover damages for an alleged breach of the terms and conditions of a written contract, which reads as follows:

"STATE OF INDIANA, TIPTON COUNTY.

"This indenture witnesseth that Robert H. Keller, of Tipton county, State of Indiana, has bargained, and leased, and rented to Hamilton Emmons, of the county of Hamilton, and State aforesaid, a portable steam saw-mill, now owned by said Keller, and now being in operation in said Tipton county, for the purposes and objects hereinafter stated. The said Emmons to pay said Keller thirty cents per hundred feet, log measure, according to Scribloy's log book; the thirty cents per hundred feet, above named, is to be applied by said Emmons, as hereinafter named, to pay and discharge a debt payable by said Keller, Emmons, Arch Small, and Mitchell Boatman, said Keller and Emmons principals, and due to the Eagle Machine Works at Indianapolis, Indiana, in and about the sum of twenty-nine hundred and sixty-three dollars, principal and interest. Said Emmons to use proper diligence in operating the said mill to the best interest of lessor, in order that the said debt may be paid and discharged at as early a day as may with diligence be done. Said Emmons to furnish said Keller a monthly statement of the earnings of said mill, at thirty cents per hundred feet, as aforesaid. Said Emmons to have the possession of said mill at once, from the execution of this contract by said parties hereto, and to take such possession at the place where the same now is; all the machinery and implements for operating said mill, and on hand and belonging exclusively to said mill, to go with said mill. Said Emmons to be at all expense of any moving, operating, and repairs of said mill; and said Emmons shall not move said mill more than thirty miles in any direction from where the same now is; and when said mill has earned sufficient money, at thirty cents per hundred feet, to pay and discharge the aforesaid debt, then the said Emmons shall redeliver said mill to said Keller at the place where it may then be, not being out of the bounds aforesaid. And if said Emmons shall fail, at the end of three months from the date hereof, to apply so much of the rent as he earned to the payment of said debt afore-

said, he, said Emmons, by such failure, hereby is to, and does hereby, forfeit all further rights under this contract, and said mill shall revert to said Keller, with the right to the immediate possession; and if the said Emmons, between the end of the said three months and three months thereafter, and from the end of six months and two months thereafter, shall, as aforesaid, fail to apply the earnings of said mill to the paying and discharging of said debt, then, and in that case, the said Keller shall be entitled to a return of said mill and immediate possession; and when said debt shall be fully paid, said Emmons to redeliver said mill to said Keller, as aforesaid, in as good order and condition as the same now is, reasonable wear only excepted.

"In witness whereof, we, Robert H. Keller and Hamilton Emmons, hereto set our hands, this 1st day of November, 1869.

"Attest:                      ROBERT H. KELLER,
"CHRIS. MEHLIG.               HAMILTON EMMONS."

The substantial averments of the complaint were, that Emmons, immediately after the execution of the above contract, took the possession of the said mill and removed the same into Boone county, in said State; that at the date of the said contract, the said mill was capable of cutting five thousand feet of lumber per day, with one good set of hands, and with a change of hands would have cut ten thousand feet of lumber per day; and that the said mill would have averaged, with one set of hands, during the time said defendant had been in possession of the same, including and allowing for stoppages and repairs, at least three thousand feet per day; that there was an abundance of timber at many convenient places within thirty miles of where the mill was at the time of the contract of renting, which could have been procured on fair and easy terms, and sufficient to have kept said mill in constant operation; that the said defendant might have cut eight hundred and ten thousand feet of lumber during the time he had been operating the same, which, at thirty cents per hundred, would

have amounted to twenty-four hundred and thirty dollars; and by means of a little extra help and a little extra diligence, the said mill might have cut a much larger amount, and might have discharged the entire debt; while, by the negligence and want of care and diligence of the defendant, his monthly reports, if true, show that he has cut only one hundred and forty-seven thousand three hundred and ten feet, and that he has discharged only four hundred and twenty-three dollars and fifty cents of said debt; that the defendant had actually sawed and received the money for a much larger amount of lumber than he had reported, etc.

The prayer of the complaint was for a judgment for damages, and the appointment of a receiver to take charge of and operate the said mill until the said debt was paid and discharged, and for general relief.

A demurrer was overruled to the complaint, and the defendant excepted; but as no error has been assigned on such ruling, we need not further notice the matter. The defendant then filed a written motion to strike out of the complaint all that related to the appointment of a receiver, which motion was overruled, and he excepted and has reserved the question by a bill of exceptions.

The defendant answered by the general denial. The cause was, by the agreement of the parties, submitted to the court for trial, and resulted in a finding for the plaintiff in the sum of five hundred and eleven dollars and seventy-four cents. The court also found, upon the proof and certain affidavits which were filed, that a receiver should be appointed.

The defendant moved the court for a new trial, for the reasons that the evidence did not support the finding of the court, and for error of law in appointing a receiver. The motion was overruled, and the defendant excepted. The court rendered judgment on the finding, and caused to be entered an order appointing —— a receiver, but it appears that no receiver was in fact appointed.

The defendant appeals, and assigns for error the following: first, the court erred in overruling the motion for a new

trial; second, the finding and judgment of the court was contrary to law; third, the finding and judgment of the court was contrary to the evidence; fourth, the court did not appoint a receiver; fifth, the court erred in overruling the motion to strike out of the complaint all that related to the appointment of a receiver.

It is very obvious that the only valid assignment of error is the one based upon the action of the court in overruling the motion for a new trial. The second and third were embraced in the first. The failure of the court to appoint a receiver cannot be assigned as error by the defendant, when he did not ask for such appointment, but opposed it. The defendant asked for a new trial, because the court had erred in the appointment of a receiver, but has assigned for error the failure of the court to make such appointment. Upon such a condition of the record, no question is presented for our decision in reference to the appointment of a receiver; and besides, there was no receiver appointed, and if there had been, no question would be presented, for the reason that no motion was made to set aside or modify the judgment. The mere finding of the court, that a receiver ought to be appointed, without an actual appointment, can result in no injury to the appellant.

The only question presented for our decision is, whether the finding of the court was supported by sufficient evidence. We have read the evidence with care, and are entirely satisfied that the evidence fully justified the finding and judgment of the court.

The judgment is affirmed, with costs.

*J. T. Dye* and *A. C. Harris*, for appellant.

*L. Barbour* and *C. P. Jacobs*, for appellee.